UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:15CV-P256-CRS

**WILLIAM DOUGLAS ELI COPE, JR.**                                                                                   **PLAINTIFF**

v.

**LOU. METRO. PUBLIC DEFENDERS OFFICE** *et al.*                                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff William Douglas Eli Cope, Jr., filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A. Upon review, for the reasons set forth herein, the Court will dismiss the action.

### I. SUMMARY OF ALLEGATIONS

Plaintiff is an inmate at the Louisville Metro Department of Corrections. In the caption of the complaint, Plaintiff lists the "Lou. Metro. Public defenders Office/Ms. Kelly M. Perry" as Defendants. In the section of the complaint form where Defendants are to be listed, Plaintiff lists Kelly M. Perry, identifying her as an "Assistant Attorney" at the "Lou. Metro. Public defender." He sues Perry in her official capacity only.

Plaintiff states that on February 26, 2015, he received correspondence from Defendant Perry, his public defender, dated October 8, 2014. He maintains that his envelope had not been processed with U.S. postage. He contends that it is illegal "to process a federal parchment item listed as legal mail with out a federal postmark on it for delivery." He states that his "civil and constitutional rights are being violated by negligence and oversight of fed. laws that protect me

from those trying to save money on parchment costs." He represents that he asked Defendant Perry about the mailing and he was unsatisfied with her response.

Plaintiff attaches the letter to his complaint. The letter is dated October 8, 2014, and refers to a court appearance that was canceled due to inclement weather on February 17, 2015. It also informs Plaintiff that he was scheduled to appear in court on March 3, 2015, and May 11, 2015. It is evident that the letter contained the wrong date due to a typographical error.

As relief, Plaintiff seeks compensatory and punitive damages, expungement of his record, and an order to "dismis my last 4 ½ mo. on the Ky. Sex offender registry."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff fails to state a claim under § 1983. Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Moreover, Plaintiff states no injury of a constitutional magnitude.

Therefore, Plaintiff's complaint will be dismissed for failure to state a cognizable § 1983 claim. The Court will enter a separate Order dismissing the action.

Date: September 18, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4411.010